## WILLIAM M. RYAN
### *v.*
## SUN SING CHOW POY.

*Filed at Ottawa November 23, 1896.*

1. TRESPASS—*what facts do not constitute actual occupancy of premises.* The facts that a party has placed new locks upon a building in the belief that he has leased the same, and that his goods were delivered upon the sidewalk in front of the building, do not constitute him an actual occupant thereof.

2. SAME—*acts of owner of premises which do not amount to trespass.* The peaceable removal, by the owner of a building, of locks placed thereon by one claiming to have leased the same, and the putting on of others, do not amount to a trespass, where the lease was not authorized or recognized, and the alleged lessee is not an actual occupant of the building when the locks are changed.

APPEAL from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

YOUNG, MAKEEL & BRADLEY, for appellant.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Appellee sued in trespass *quare clausum fregit,* on December 22, 1892, William M. Ryan and Mrs. William M. Ryan, for breaking and entering with force and arms a certain close of the plaintiff. Appellants pleaded the general issue and *liberum tenementum,* alleging the close was the close and freehold of Mrs. William M. Ryan, and appellant, as her agent, peaceably and without force took possession thereof, as he lawfully might, for that reason. Suit was dismissed against Mrs. Ryan and prosecuted against appellant as the sole defendant. Replication was filed to the general issue and *de injuria* to the plea of *liberum tenementum.*

Upon the trial it was admitted that Mrs. William M. Ryan was the owner of the premises, and appellant's agency was not in controversy. Appellee claimed to have procured a lease from one Cadwallader, as agent of appellant, to the *locus in quo.* There is no evidence in the record showing any authority on the part of Cadwallader to execute a lease for appellant or appellant's principal, Mrs. William M. Ryan, who was the owner of the premises, and there is an entire absence of evidence showing either authority to execute or approval of the execution of the lease. Appellee testifies he procured the lease from Cadwallader and paid rent in advance, received the keys, and placed another lock on the door and locked the same. Later the locks on the door were changed by appellant. The material question is whether appellee was in possession of the premises as an actual occupant at the time the locks were so changed. This fact depends, on the part of appellee, on his own testimony. He states that after placing an extra lock on the door he sent certain goods by an expressman to be placed in the room, and subsequently found the goods so forwarded by the

expressman on the sidewalk. On further examination it was claimed by appellee that he had actual possession and saw some of his goods in the basement which he claimed to have leased, and which goods he insisted had been taken from that basement and placed on the sidewalk. There is no evidence of the expressman that the goods were ever placed in the basement, nor is there evidence of the execution of the lease, or of the authority to execute, on the part of Cadwallader. Controverting this is the testimony of the appellant that he found certain locks placed on the doors of the basement, which, under advice of counsel, he removed and replaced with others. At the time of doing so the basement was vacant, and no authority had ever been given by him, as agent of the owner, or by the owner to Cadwallader, to execute any lease. This evidence is supported by other testimony. Whilst this testimony appears in the form of an affidavit for a continuance, which was by appellee (plaintiff below) admitted as evidence, we are constrained, from all the facts appearing in the record, to believe that at the time appellant changed the locks appellee had no property in the basement and had placed his lock on the door without authority. The entry of appellant, as agent for Mrs. William M. Ryan, so far as regards the importance of changing the lock, was by one having paramount title and the right to immediate possession, and that possession, acquired in a peaceable and orderly manner, without violence or intimidation, was no offense, and operated to transfer the seizin and possession to the rightful owner from the lessee, who claimed under a lease which was made without authority or right. There was no invasion of the rights of appellee for which he has a cause of action. *Fort Dearborn Lodge* v. *Klein*, 115 Ill. 177.

The judgment for plaintiff for $200, of which a *remittitur* of $100 was entered, cannot be sustained. The judgment is reversed and the cause remanded.

*Reversed and remanded.*