## R. A. TERRY v. TEXAS BREWING COMPANY.

### Decided June 9, 1910.

**Contract—Bond—Sale—Certainty—Mutuality.**

A contract relating to the purchase and sale of beer, secured by bond by the purchaser and sureties to make due payment for goods bought thereunder, though the agreement was unenforcible while executory, because not binding the seller to sell or the purchaser to take any definite quantity, became, when executed, valid as to whatever had been delivered and received thereunder. The surety could not defend against such liability on the bond because the contract between his principal and the seller was invalid, so long as it was merely executory, for want of certainty and mutuality.

Appeal from the District Court of Tarrant County. Tried below before Hon. R. H. Buck.

*Templeton & Agerton,* for appellant.—The written agreement declared on by the plaintiff was too indefinite and uncertain in its terms to constitute a binding contract, which was enforcible against either of the parties thereto at the suit of the other. Such agreement is void for want of mutuality. Tyler Ice Co. v. Copeland, 99 S. W., 133, 134; H. & T. C. Ry. Co. v. Mitchell, 38 Texas, 86, 95, 96; El Paso Ice Co. v. City of El Paso, 54 S. W., 800; S. & S. Coffee Co. v. Grocery Co., 80 S. W., 1170; Oil Co. v. Kirk, 68 Fed., 791, 15 C. C. A., 540; Campbell v. Lambert, 51 Am. Rep., 1; Davie v. Mining Co., 24 L. R. A., 357.

Since the written agreement was not binding on the principal, the sureties are not legally bound on the bond. Edwards County v. Jennings, 89 Texas, 621; Fuqua v. Pabst Brewing Co., 90 Texas, 303; John A. Tolman Co. v. Rice, 45 N. E., 496, 497; State v. Evans, 32 Texas, 201; 20 Cyc., 1420, Sub. IV.

The written agreement was not binding on any of the parties thereto for want of mutuality, and because it was not supported by a valuable consideration. Tyler Ice Co. v. Copeland & Norman, 99 S. W., 133; Moran Bolt & C. Co. v. St. Louis Car Co., 109 S. W., 52; Cold Blast Trans. Co. v. K. C. Bolt & Nut Co., 57 L. R. A., 696; Santeller & Co. v. Lange & Co., 155 Fed., 719, 722, 723; Crane v. Crane & Co., 105 Fed., 869-872.

The subsequent sales made by the plaintiff, to the defendant Massey, of beer and ice, for the value whereof this action was brought, constituted so many separate contracts between said parties, all of which were independent of the previous written agreement. Cold Blast Tr. Co. v. K. C. Bolt & Nut Co., 57 L. R. A., 696; Moran Bolt & C. Co. v. St. Louis Car Co., 109 S. W., 52.

*Bryan & Spoonts,* for appellee.—The contract had already been executed between the parties. Plaintiff's suit was not to recover damages,

but was to recover for goods, wares and merchandise already delivered for which defendant Massey had not paid, and the bond of suretyship was conditioned for payment if said Massey defaulted. Oconto B. Co. v. Coyoutte, 138 Wis., 664; Harvester King Co. v. Mitchell, 89 Fed., 173; Laboyteaux v. Swigart, 103 Ind., 596; Perkins v. Hadsel, 50 Ill., 216; Frue v. Houghton, 6 Colo., 318; Cold Blast T. Co. v. K. C. Bolt & Nut Co., 57 L. R. A., 696; Richardson v. Hardwick, 106 U. S., 252; Elec. Co. v. Blue Rapids, 96 Pac., 68.

HODGES, Associate Justice.—In June, 1907, the appellee, through its agent Felix, entered into a written contract with one T. M. Massey, of Ballinger, Texas, by which it agreed to sell Massey beer in carload lots at stipulated prices, and to furnish him, free of rent, the use of an ice or storagehouse and a delivery wagon, to be used by him at the pleasure of the company. Provision was also made by which Massey was to receive credit for the return of empty bottles. The first payment was to be made when the second order was given, or, in the event of failure to order sooner, to become due in thirty days after the date of shipment. It was also stipulated that the proper fulfillment of the contract was secured by a bond bearing the same date and referred to as a part of the agreement. On the same date a bond in the sum of $1,000 was executed by Massey, with the appellant, R. A. Terry and C. S. Bowden as sureties. The bond contains the following provision: "The condition of the above obligation is such that the said Massey, the principal herein, shall pay or cause to be paid, at Forth Worth, Tarrant County, Texas, any and all amounts of money which T. M. Massey may now or may hereafter become indebted to said brewing company for merchandise sold him, for empty cooperage placed in his charge, or for advances made him, with interest thereon, or any other obligation of whatever nature. The books of said brewing company to be accepted as evidence of the debt." There were other clauses providing that the obligation should become void upon condition that Massey promptly paid and discharged at Fort Worth, Texas, all of his indebtedness to the brewing company, otherwise same was to remain in full force and effect.

This suit was instituted by the appellee against Massey and his sureties on that bond to recover a balance of $942.36 due for beer which it had supplied Massey under the before mentioned agreement. On a trial before the court without a jury a judgment was rendered in favor of the appellee against all the defendants for the amount above mentioned.

No issue is here raised as to the correctness of the account sued on, nor is it denied that the amount claimed grew out of the transactions contemplated in the written agreement before mentioned. Terry, one of the sureties, alone has appealed.

The assignments of error urged in this court involve two grounds of defense. One is that the contract between Massey and the brewing company was in violation of the Texas antitrust statute, in giving to Massey the exclusive right to sell the appellee's beer in that locality. The written agreement contains no such provision, and the testimony as to whether there was any oral understanding to that effect was

conflicting. Upon this conflict the court found as a fact that there was none, and that conclusion is not without support.

The other defense is that the written instrument purporting to be a contract between Massey and the brewing company was void for uncertainty and for lack of mutuality; that it was not binding upon either Massey or the brewing company, and for that reason the appellant, as a surety for Massey, was not bound. The writing referred to embodies mutual undertakings on the part of Massey and the brewing company, one to buy and the other to sell beer in carload lots, and fixes the prices at which the sales were to be made. It does not, however, designate the quantity to be bought and sold, nor does it fix definitely the time within which the contract relations were to begin and end. In these last mentioned respects the contract between Massey and appellee was lacking in an important element essential to make it enforcible while in an executory stage, or to support an action for damages for failure of either party to carry out the agreement to sell or to buy. Cold Blast Trans. Co. v. K. C. Bolt & Nut Co., 57 L. R. A., 699; Moran Bolt & C. Co. v. St. Louis Car Co., 109 S. W., 52; Tyler Ice Co. v. Copeland, 44 Texas Civ. App., 383, 99 S. W., 133; John A. Tolman Co. v. Rice, 45 N. E., 497. But this is not an action seeking specific performance of Massey's undertaking to buy beer from the appellee, nor is it one to recover damages for Massey's failure to purchase. The provisions of that agreement were subsequently performed in so far as the sales and purchases were concerned, and to that extent the contract became an executed agreement. Whatever may have been wanting in order to make it an enforcible contract while still in an executory stage, that element was supplied when Massey purchased the beer upon the terms and conditions mentioned, and he thereby incurred an enforcible liability for what he actually received. The defense of want of certainty was not available to defeat a recovery for what he thus obtained, notwithstanding he might have received it under a contract otherwise unenforcible. Thurber v. Meves, 119 Calif., 35, 50 Pac., 1063; Topeka W. & S. Co. v. Roots, 56 Kan., 187, 42 Pac., 716; 3 Page on Contracts, secs. 1615-1619. This suit is to recover of Massey and the sureties on the bond before mentioned the amount which Massey still owed for goods which he had received. By their contract the sureties bound themselves to pay any sum, not exceeding $1,000, for beer sold to Massey and for which he failed to pay. There is no lack of mutuality about their undertaking, neither is it subject to the charge of uncertainty. The amount of the debt sued for is the value of the goods which Massey received and failed to pay for. His liability and that of the sureties was well defined and clearly established.

There was no error in the judgment of the trial court, and it is accordingly affirmed.

*Affirmed.*