## TARBUTTON v. AMBRIZ. (No. 7511.)

(Court of Civil Appeals of Texas. San Antonio. March 17, 1926. Rehearing Denied April 17, 1926.)

1. Statutes ⬅️64(7)—Statute even if invalid as to omission of remedy by writ of error, held not invalid as to separate provision for appeals from orders for new trials (Const. art. 3, § 35; Rev. St. 1925, art. 2249).

Rev. St. 1925, art. 2249, even if ineffective in so far as attempting to omit remedy by writ of error, held not invalid as to provision for appeals from orders granting new trials, which is complete within itself, and otherwise valid under Const. art. 3, § 35, relative to titles of acts.

2. Appeal and error ⬅️2—Statute providing for appeals from orders granting new trials held not void for failure to prescribe specific mode of procedure (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612; Rev. St. 1925, art. 2249).

Rev. St. 1925, art. 2249, providing for appeals from orders granting new trials, held not void for failure to prescribe specific mode of procedure for prosecuting appeal; procedure provided for appeals generally governing so far as applicable, though, as in the case of Vernon's Sayles' Ann. Civ. St. 1914, art. 1612, not always appropriate.

3. Appeal and error ⬅️933(1).

There is a presumption in favor of correctness of action of court in setting aside verdict rendered pursuant to peremptory instruction and granting new trial.

4. Appeal and error ⬅️977(3).

Trial court's action in setting aside verdict, rendered pursuant to peremptory instruction, and granting new trial will be upheld, unless court clearly abused discretion.

5. Appeal and error ⬅️854(6).

On appeal from order setting aside verdict and granting new trial, burden is upon appellant to negative every theory upon which order appealed from may have been rested, where record does not disclose trial judge's reasons.

6. Appeal and error ⬅️1051(2).

Errors in admission of evidence, which, in view of undisputed evidence, could not have affected disposition of case, are immaterial.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Suit by Glafira Ambriz against R. C. Tarbutton. A directed verdict for defendant was set aside, and a new trial granted, and defendant appeals. Reversed and rendered.

See, also, 259 S. W. 259.

Birkhead, Lang & Beckman, Mason Williams, and Hitzfeld & Lynch, all of San Antonio, for appellant.

Edward H. Lange and Arthur G. Uhl, both of San Antonio, for appellee.

SMITH, J. At the outset we are confronted with the question of the validity of the act of the Thirty-Ninth Legislature, providing for appeals, including those from interlocutory orders granting motions for new trial. Chapter 18, Gen. Laws 1925, p. 45 (article 2249, R. S. 1925). This appeal is prosecuted from such an order. Prior to the passage of the act in question, article 2078, R. S. 1911, read as follows:

"An appeal or writ of error may be taken to the court of Civil Appeals from every final judgment of the district court in civil cases, and from every final judgment in the county court in civil cases of which the county court has original jurisdiction, and from every final judgment of the county court in civil cases of which the court has appellate jurisdiction, where the judgment or amount in controversy exceeds one hundred dollars, exclusive of interest and costs."

By the act of 1925, article 2078 was amended to read as follows:

"An appeal may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases, and from every final judgment in the county court in civil cases of which the county court has original jurisdiction, and from every final judgment of the county court in civil cases in which the court has appellate jurisdiction, where the judgment or amount in controversy exceeds one hundred dollars exclusive of interest and costs," and provided further that "an appeal may be taken to the Court of Civil Appeals from every order of any district or county court in civil cases granting motions for new trials in any of

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the above-mentioned cases and such appeal shall be taken within the same time and in the same manner as if the judgment was final."

[1] By comparison it will be observed that, by the amendment, the provision of the old statute, that "writ of error" may be taken in the cases mentioned, was omitted, and that a provision, not in the old statute, that appeals may be taken from orders granting motions for new trial, was added. In all other respects the former statute was re-enacted.

Appellee contends that the omission from the amended act of a provision allowing writs of error amounts to the abrogation of that remedy; that to that extent the act is unconstitutional, and, being invalid in this respect, is void in its entirety. It is contended that the act is ineffectual in so far as it would abrogate the remedy theretofore allowed through writ of error, because that purpose was not expressed in the title, as provided in section 35, art. 3, Const., of the act. In support of this contention appellee cites the recent case of Chapman v. Morrison, No. 7524, 278 S. W. 236, decided by this court on December 9, 1925. In that case, however, this court went no further than to hold that, if by the passage of the act it was intended by the Legislature to deny to litigants the remedy of writ of error, that intention was not effectuated, and the remedy is still available by reason of other statutes referred to in the opinion. It is not deemed necessary here to extend that holding, because, even though it be held that the act, if enforced, does have the effect of abrogating the remedy of writ of error, and on that account and to that extent is invalid, yet that provision, or omission, is not so interwoven into the other provisions of the act as to be vital to them. Whether that provision is given effect or not, that which remains is complete within itself, and, if otherwise valid, will be given effect. Const. art. 3, § 35; Tel. Co. v. State, 62 Tex. 630.

[2] But it is further contended by appellee that the act in question is void because, while providing for appeals from orders granting new trials, it prescribes no specific mode of procedure for the prosecution of such appeals. It is argued, in effect, that, in the absence of a prescribed procedure for the guidance of litigants who may undertake to prosecute appeals from orders granting new trials, as provided for in the act, such litigants are left to grope blindly for ways of travel to the appellate court, whereby they will be led only into confusion, and that existing provisions for procedure in appeals generally effectually bar the way to appeals from such orders. In illustrating these contentions, appellee invokes the provision of article 1612, R. S. 1911, as amended by Laws 1913, p. 276 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612), that, "where a motion for new trial has been filed that the assignments therein shall constitute the assignments of error; * * *" and appellee thereupon propounds these questions:

"(a) Has the appellant the right to file assignments of error other than those contained in the motion for new trial?

"(b) Are the Courts of Civil Appeals, in considering appeals predicated upon the amended article 2078, confined to the consideration of errors (other than fundamental) presented in the motion for new trial, or may they go into the entire record and pass upon assignments of error entirely foreign to those assigned in the motion for new trial?"

It is true that the act could be more satisfactorily enforced had the Legislature provided specific procedure appropriate to the peculiar remedy. And so is it true that, if the remedy is pursued in strict conformity with existing procedure for appeals generally, the litigant would encounter confusing difficulties, such, for example, as the requirement that, where motions for new trial are filed, they shall constitute the assignments of error on appeal; whereas, in such example, the grounds set up in the motion for new trial could not possibly form the basis of the appeal.

We conclude, however, that the failure of the Legislature to prescribe a mode of procedure specifically applicable to appeals from orders granting new trials by no means invalidates the act providing for that remedy. The only effect of that failure is to relegate litigants to the procedure provided for appeals generally. The rules for that procedure are flexible, should never be technically or strictly construed so as to defeat, hinder, or embarrass the right of appeal, but should be liberally construed so as to effectuate a full and free exercise of that right. If a particular rule is inapplicable to appeal in a specific case, it should be disregarded, or else modified to the uses of the particular case.

The provision of article 1612, that, where a motion for new trial has been filed in a case, the grounds set up in the motion shall constitute the assignments of error on appeal, is necessarily inapplicable in cases where the motion has been granted. In such case the proponent of the motion is satisfied with the ruling of the trial court, and has no further cause for complaint; he does not appeal. But his opponent, by this same process, becomes dissatisfied and appeals. The latter has no cause for complaint until the motion is granted; he is satisfied with the verdict and judgment, and so long as they stand, he cannot complain. He has no cause for filing a motion for new trial, does not want one, and therefore is not required to file one. It follows as a matter of course, and as a result of a reasonable construction of the procedure statutes and rules, that the indicated provision of article 1612 does not apply in such case, and the appellant may assign error without regard to the motion

for new trial filed by his adversary. We think that his position is that of one appealing from a judgment rendered by the court in a nonjury case; for the appellant does not complain of the action or verdict of a jury, but only of the action and rulings of the court. The rules of procedure applicable in such cases are too well settled to require discussion or elucidation in this opinion.

This appeal presents an extreme case under the new statute, in that the verdict of the jury complained of in the granted motion was a general verdict, rendered in response to a peremptory instruction from the trial court. If the verdict had been a voluntary expression of the jury, in general or upon special issues, it would have been conclusive upon such facts of the case as were supported by material evidence, and the court would have had no authority to set aside such verdict, except upon errors of law.

[3, 4] But the involuntary verdict carried no such presumption with it in this case. The presumption attaches, rather, to the correctness of the action of the court in setting aside the verdict and granting a new trial. And unless it clearly appears that the court abused his discretion in granting the motion, his ruling thereon must be upheld.

[5] So, in order to secure a reversal, the burden is upon appellant to negative every theory upon which the order appealed from may have rested. In this aspect, that order may be likened to a judgment rendered by a court in a nonjury case, which, although accompanied by a statement of facts, is not accompanied by the court's findings of fact and conclusions of law; it is fortified by all the presumptions which usually support such judgment. For the record here does not disclose the reason or reasons which induced the trial judge to grant the new trial. He had previously directed a verdict for appellant upon the stated ground that the evidence was "not sufficient to sustain a verdict for" appellee. He may have concluded, upon further reflection, that the evidence was sufficient to warrant a verdict for appellee, and granted the new trial for that reason; or he may have granted it upon the supposed erroneous admission or exclusion of evidence, or upon other error or errors of law.

This is the second appeal in this case; the first appeal having been prosecuted by R. C. Tarbutton, appellant in both appeals, from a judgment rendered against him and in favor of Glafira Ambriz, appellee. 259 S. W. 259.

In the original petition it was alleged that, while appellant was driving along South Frio street in the city of San Antonio, he negligently caused or permitted his automobile "to leave the traveled street, to mount the curb, and to run upon the sidewalk of the street," and strike and injure appellee while she was "lawfully using said sidewalk."

As grounds of appellant's negligence, it was alleged that appellant drove his car upon the sidewalk in violation of a city ordinance; that the car was being operated at a negligent rate of speed of 25 to 30 miles per hour; that it was not under control, and appellant had lost control of it; that the horn was not sounded nor other warning given; that appellant failed to keep a proper lookout; that each of said acts of negligence directly caused and contributed to the accident.

Upon the first trial, appellee recovered a verdict and judgment for damages against appellant, and on appeal the judgment was reversed and the cause remanded; this court holding that the testimony in connection with the physical facts disclosed by the record conclusively negatived appellee's allegation and testimony that she was struck while upon the sidewalk. 259 S. W. 259.

For the purposes of the second trial, appellee amended her original petition by inserting the following:

"(4) Plaintiff further alleges that, if she was mistaken as to her exact position at the time the said automobile struck her, and that the said automobile did in fact strike her while she was on the street, namely South Frio street, in the city of San Antonio, Bexar county, Tex., and not on the curb or on the sidewalk, then such mistaken impression is a resultant cause of the shock and injuries sustained by her in said accident.

"(5) Plaintiff further alleges that if she is mistaken as to her exact position (as alleged in paragraph 1) at the time the said automobile struck her, she here and now alleges that said automobile struck her while she was on the street, namely South Frio street, in the City of San Antonio, Bexar county, Tex., on or about the 3d day of October, A. D. 1921."

Upon the second trial, however, appellee offered no testimony in support of the added allegations. On the contrary, she reiterated and emphasized her former testimony that appellant's car left the street, ran over the curb and onto the sidewalk, and there struck her. Her testimony and that of her witnesses was identical in effect, and substantially identical in language with the testimony upon the first trial. It is sufficient to say here that, in the former appeal, this court held in unmistakable terms that this testimony failed to make a case for appellee under her pleadings and evidence. We see no reason for reversing that ruling, which we now reaffirm. It should be added that, in so far as that phase of the case is concerned, the court properly directed a verdict for appellant at the last trial, and, unless other reasons intervened, it was error to set aside that verdict and the judgment rendered thereon.

The question, then, is whether or not appellee showed herself entitled to a jury trial upon the theory that the accident occurred and appellee was injured after she left the sidewalk and while she was out in the street.

As stated, appellee offered no evidence in support of this theory; on the contrary, she testified directly, positively, unequivocally, and repeatedly that she was struck while she was upon the sidewalk, in accordance with the allegations in her original petition. There was no effort to show that she was or had been confused in her impression, or was laboring under any disability or "mistaken impression," as she alleged in her amended petition; on the contrary, she was emphatic in denying that she was confused or mistaken as to this fact, reiterating that "I am as sure that I was on the sidewalk at the time I was struck by this automobile, as the land I am standing on."

As we held in the former appeal, it was conclusively shown that appellee was not on the sidewalk, but was out in the street, when she was struck. This is shown by the physical facts, in connection with the testimony of appellant. So, if appellee could recover, it must be upon the theory that she was struck while in the street. She cannot resort to this theory, however, until she repudiates the whole of her own testimony, and adopts as true the testimony of appellant as to the facts of the accident, and, when she assumes this attitude, she destroys her case upon that theory, for the reason that the testimony of appellant completely exonerates him from any charge of negligence.

We conclude, then, that the trial court's first impression, evidenced by his peremptory instruction to the jury to return a verdict for appellant upon the evidence adduced, was correct. Accordingly, so far as the evidence was concerned, the court erred in setting aside that verdict and granting a new trial. The only question remaining in the appeal, then, is that of whether any material error of law occurred in the proceedings. In determining this question we must look to the motion for new trial, and, in view of the peculiar facts of the procedure, it is perhaps incumbent upon us to take notice of any other matter coming to our attention which would support the action of the court in granting a new trial. In the motion for new trial, appellee set up several complaints, which may be combined into two grounds: First, the exclusion of testimony offered by appellee; and, second, the peremptory instruction in favor of appellant.

[6] The excluded evidence embraced a traffic ordinance of the city of San Antonio, the claimed effect of which was to repeal a traffic ordinance previously enacted, and introduced by appellant, prohibiting pedestrians from crossing the public streets of the city except at intersections and points specifically designated for that purpose. These transactions are not shown by bills of exception or other matters of record, and ordinarily they would be disregarded on that account.

It may be, although it is not necessary to so decide, that, in support of the right action of the court in granting a new trial we should take the recitations in the motion to be true, and this will be done for the purpose of this decision. We conclude, however, that, even though the excluded evidence was admissible, and its rejection was technically erroneous, yet such error was immaterial. The ordinance in question related to the conduct of appellee in crossing the street at a prohibited point, thus bearing upon a question of appellee's contributory negligence, as well, perhaps, as upon appellant's obligations and duties toward appellee while crossing the street.

The admission or rejection of this evidence could have had no influence upon the disposition of the case, however, in view of the undisputed evidence as to the active facts.

The remaining complaints in the motion relate to the action of the court in directing a verdict and in failing to submit the case to the jury. We have already considered and discussed these questions, and, for the reasons stated, this complaint is without merit, since the evidence upon neither theory of the case warranted submission to the jury.

We conclude that nothing in the motion for new trial, nor otherwise apparent upon the record, shows a jury case, and that the trial court correctly directed a verdict for appellant. It follows, therefore, that the order granting the new trial must be set aside, and that judgment be here rendered that the motion for new trial be overruled.

Reversed and rendered.