TYLER ICE COMPANY v. COUPLAND & NORMAN.

Decided December 3, 1906.

**1.—Unilateral Contract—Void.**

The contract sued on was alleged in plaintiffs' petition as follows: "That on the —— day of January, 1904, they (the defendant) had made and entered into a verbal contract whereby the defendant agreed and obligated itself to furnish to the plaintiffs, for the year 1904, ice at $3.00 per ton free on board of cars at Tyler." Held, that a special exception to the petition on the ground that the contract declared on was unilateral and void should have been sustained.

**2.—Contract—Recent Agent.**

Where the undisputed evidence showed that the plaintiffs made the contract sued on with one who had recently been the general manager for the defendant, but who had resigned, and at the time of making the contract was without authority to represent the defendant, and the defendant had done nothing to induce the belief on plaintiff's part that said party had authority to represent it, the court should have instructed a verdict for the defendant.

**3.—Agency—Proof.**

Agency can not be established by the admissions or declarations of the agent.

Appeal from the County Court of Smith County. Tried below before Hon. S. A. Lindsey.

*Duncan & Lasseter*, for appellant.—The contract as pleaded in this case is void and unenforcible in that it does not oblige the plaintiffs to purchase any particular amount of ice or any ice whatever from defendant, does not bind both parties thereto, is one-sided, and absolutely lacking in that quality of mutuality necessary to make a valid, binding and enforcible contract. Houston & T. C. Ry. Co. v. Mitchell, 38 Texas, 85; American Cotton Oil Company v. Kirk, 68 Fed. Rep., 791; Clark v. Great Northern Ry. Co., 81 Fed. Rep., 282; Vogel v. Pekoe, 30 Law Rep. Ann., 491.

Agency can not be established by the mere declarations of the agent himself, and that being the only testimony in the case even tending to show that Phillips was the agent of the defendant at the time of the making of the alleged contract, the jury should have been instructed to return a verdict for defendant. Dieckman v. Weirich, 73 S. W. Rep., 1119; Railway Company v. Allen, 94 S. W. Rep., 417; Peyton v. Old Woolen Mills, 91 S. W. Rep., 719.

*McCord & Bulloch*, for appellees.—The court did not err in refusing defendant's special charge to the effect that the jury should return a verdict for the defendant, nor to the effect that Phillips was not shown to be the agent of the defendant company, for the agency may be shown by facts and circumstances although it is denied under oath. Pacific Mut. Life Ins. Co. v. Williams, 79 Texas, 636; Texas & P. Ry. Co. v. Nicholson, 61 Texas, 498; Hull v. East Line & R. R. Ry. Co.. 66 Texas, 621; First Nat. Bank of Greenville v. Pennington, 75 Texas. 273.

REESE, ASSOCIATE JUSTICE.—Coupland & Norman sued the Tyler Ice Company in the County Court alleging that "on the — day of January, 1904, they had made and entered into a verbal contract whereby the defendant, the Tyler Ice Company, agreed and obligated itself to furnish to the plaintiffs for the year 1904, ice at $3.00 per ton free on board of cars at Tyler, Texas." This is a full statement of the contract as alleged in the petition. It is further averred that on the faith of this contract plaintiffs had made contracts for the sale of ice; that defendants failed and refused to comply with their contract and they had been compelled to buy ice to supply their needs elsewhere at $4.00 per ton, and had to pay a higher freight rate on the same than they would have had to pay on ice bought from defendant. It is further charged that

defendant maliciously and wilfully circulated reports that plaintiffs could not furnish ice and would soon have to cease business and that by reason thereof plaintiffs were forced to suspend business. Damages actual and exemplary are claimed in the sum of $600.

Defendants answered by general demurrer and special exceptions, general denial, and specially alleged that John L. Phillips, with whom plaintiffs claimed to have made the contract upon which the suit was predicated, did not, at the date of said alleged contract, have any connection with defendant ice company nor any power or authority to bind defendant in any way.

Upon trial before a jury there was a verdict for plaintiffs for $203.50. Upon motion for new trial by defendant, plaintiffs entered a remittitur of $100 and, the motion being overruled, defendant appeals.

The first assignment of error assails the ruling of the court in not sustaining appellant's special exception to the petition on the ground that the contract pleaded is void and unenforcible in that it does not obligate the plaintiffs to purchase any particular amount of ice or any ice whatever is one-sided and lacking in mutuality. The assignment is well taken. The contract as pleaded is fully set out herein. No obligation is alleged on the part of appellee to buy. Nor does the contract as alleged bind appellant to sell any specified amount of ice. The contract alleged is void for want of mutuality and not enforcible as a contract to deliver any amount of ice. (Houston & T. C. Ry. v. Mitchell, 38 Texas, 85; American Cotton Oil Co. v. Kirk, 68 Fed. Rep., 791.)

We would be inclined to hold that the contract as testified to by L. T. Norman would escape these objections, embracing as it did, in the language of the witness, "the next season's ice," and including both an offer to sell and an acceptance. The second assignment of error presenting this point is overruled.

Of the remaining assignments it will only be necessary to notice the fifth, which complains of the refusal of the court to give, at the request of appellant, a peremptory instruction to return a verdict for the defendant ice company. The point is presented under this assignment that the uncontradicted evidence shows that John L. Phillips, with whom the alleged contract is claimed by appellants, in their testimony, to have been made, was not the agent of appellant and had no authority to make the contract on their part. This assignment must be sustained. The undisputed evidence shows that the contract, if made at all, was made by L. T. Norman for appellees and John L. Phillips for appellant on the 26th or 27th of January, 1904, in the office of appellant in Tyler; that Phillips, who was a stockholder in appellant company, had been, during the year 1903, its general manager, but that he resigned as such, and his resignation was accepted by the board of directors, and F. W. Madden elected general manager and took charge, succeeding Phillips, on January 6, 1904. It is undisputed that after this date Phillips was not in fact general manager or otherwise authorized after the latter date to make such a contract as appellees claimed was made for the ice company. This fact is fully set out in appellant's answer. It is nowhere claimed by appellees in their pleadings that Phillips was held out by appellant as its agent with authority to contract for the sale of ice, nor

are any facts alleged that would charge appellant with a ratification of the contract if originally unauthorized, or by way of estoppel. Indeed, the evidence would not have supported such allegations, if made. The most that can be made out of the testimony to sustain appellees' claim, is that Norman made the contract with Phillips believing that he was still general manager. There is nothing to show that appellant did anything to induce this belief and certainly it did not ratify the contract, but on the contrary promptly repudiated it as soon as it was brought to its notice. It is true that Norman testifies that Phillips told him, at the time, that he was general manager, which is denied by Phillips, but this statement, if made, did not bind appellant. Agency can not be established by the admissions or declarations of the agent.

The fact that Norman found Phillips in the office of the general manager of appellant when he went there to make a contract for the ice, explains why Norman assumed that he was still general manager, as he had previously been, but we can not see that appellant can be charged with responsibility for this. Nor does the fact that Norman found him in the general manager's office in April succeeding, when he telephoned his order for ice, tend to show that he was still general manager. No claim is made and no evidence introduced showing that Phillips ever did any act as general manager or agent of the company after his resignation on January 6, except to make this sale as stated by Norman, which, however, is strenuously denied by Phillips. Assuming Norman's testimony to be true, it appears that he was simply deceived by appearances, without fault of appellant. Appellant can not be charged with the consequences. The effect of the uncontradicted evidence is that Phillips was not authorized to make the contract, if made by him, as testified to by Norman, and that such contract was not binding on appellant.

The claim for damages growing out of the alleged malicious acts of appellant in forcing appellees to suspend business was not insisted upon, but only damages growing out of the breach of the contract.

The court should have instructed a verdict for defendant. For this error the judgment is reversed, and as the evidence appears to have been duly developed, judgment is here rendered for appellant.

*Reversed and rendered.*