## FT. SMITH COUCH & BEDDING CO. v. GEORGE. (No. 6218.)

(Court of Civil Appeals of Texas. Austin. May 19, 1920.)

1. **Appeal and error** ⟨key⟩731(1) — **Assignment of error that verdict is contrary to law too general.**

Assignment of error, complaining of trial court's refusal to set aside the verdict and judgment and to grant a new trial "because the verdict of the jury is contrary to the law and to the evidence," without specially pointing out the particular ruling complained of, *held* too general to be considered.

2. **Contracts** ⟨key⟩10(4)—**Contract giving salesman exclusive right to sell goods in certain territory held unilateral.**

Contract giving defendant the exclusive right to act as plaintiff's salesman in a certain territory *held* unilateral and unenforceable, in absence of allegation that defendant bound himself to buy any amount of goods from plaintiff, or that contract was for a definite time and could not be abandoned at will by defendant.

3. **Principal and agent** ⟨key⟩41—**Seller not liable for refusal to sell to buyer with exclusive selling rights, where unable to pay for goods.**

Seller, having given buyer the exclusive right to sell its goods in certain territory, would not be liable for damages for refusing to sell its goods to buyer, and for selling to his competitors, if his financial condition was such that he was unable to pay for such goods under the terms of the contract.

4. **Justices of the peace** ⟨key⟩45 — **Amount in controversy under plea in reconvention determined by considering each claim separately.**

In ascertaining whether the justice's court has jurisdiction of a plea of reconvention, the amount in controversy is determined by considering plaintiff's claim and defendant's claim separately, and not by adding one to the other.

5. **Set-off and counterclaim** ⟨key⟩35(1)—**Plea in reconvention for unliquidated damages as against a claim for liquidated amount held proper.**

In seller's action against buyer on a verified account, the court had jurisdiction of buyer's plea in reconvention for unliquidated damages for breach of contract giving buyer ex-

clusive selling rights in certain territory, the amount pleaded and set off in such case being founded on a cause of action arising out of, incident to, or connected with seller's cause of action.

Appeal from Bell County Court; M. B. Blair, Judge.

Suit by the Ft. Smith Couch & Bedding Company against T. B. George, in which the defendant interposed a plea in reconvention. From the judgment rendered, plaintiff appeals. Reversed and remanded.

Clem C. Countess, of Belton, for appellant.

BRADY, J. Appellant brought this suit against appellee in a justice's court, to recover the sum of $155 upon a verified account. Appellee filed a sworn denial of the account, and by plea in reconvention asked judgment for damages against appellant in the sum of $175 for breach of contract. The jury in the justice's court returned a verdict for appellant for $150, and against appellee on his plea in reconvention. Upon appeal to the county court, the jury, without any written charge from the court, returned a verdict for appellant for the full amount of its demand, and for appellee for the full amount of his claim, and from the judgment entered thereon appellant has prosecuted this appeal.

### Opinion.

[1] The first assignment of error complains of the refusal of the trial court to set aside the verdict and judgment, and to grant a new trial, "because the verdict of the jury is contrary to the law and to the evidence." This assignment is the first ground in the motion for new trial, and, in effect, is no more than a claim that the trial court erred in not granting a new trial, without specifically pointing out the particular ruling complained of in the court below or here. Under the most liberal interpretation of the rules, we think this assignment must be held bad, because of its generality. Therefore we decline to consider it.

[2] The remaining assignments attack the ruling of the trial court in refusing to sustain certain special exceptions to appellee's plea in reconvention. One of these exceptions raised the point that the contract alleged as the basis of the plea of reconvention was unilateral and void for the want of mutuality. After careful consideration of the question, we have concluded that the assignment presenting this question should be sustained, and the cause reversed for such error.

The contract as pleaded was an agreement that appellee should act as appellant's exclusive salesman in the territory of Temple, Tex., and appellant agreed that no other store or firm should be given the right to handle its goods in the town of Temple. It was not alleged that appellee in any way bound himself to buy any amount of goods from appellant,

nor for any definite time to abide by the terms of the contract, which could be abandoned at will by appellee. The contract seems to have been clearly unilateral and unenforceable. Railway v. Mitchell, 38 Tex. 85; Tyler Ice Co. v. Coupland, 44 Tex. Civ. App. 383, 99 S. W. 133; Railway v. Matthews, 64 Ark. 398, 42 S. W. 902, 39 L. R. A. 467; Mutual Film Corporation v. Morris, 184 S. W. 1060.

Since we have decided to remand the case for another trial, it is proper to indicate our views upon the remaining questions presented in the brief.

[3] We are of the opinion that, if an enforceable contract should be alleged, nevertheless appellant would not be liable for damages for refusing to sell appellee its goods, and in selling to his competitors, if the financial condition of appellee was such that he was unable to pay for same. Assuming the validity and binding force of the contract, appellant would not be required to sell and deliver its goods to appellee, if he was unable to pay for the same under the terms of the contract.

We are also of the opinion that the evidence offered to show appellee's damages for breach of the contract was too indefinite, speculative, and uncertain to sustain a verdict. The testimony on this point resolves itself into almost a mere guess or conjecture as to any loss sustained by appellee.

We cannot agree with the contention of appellant that the averments and proof do not show an agreement between appellant and appellee, in that it appears to have been made with the agent of appellant, and without its knowledge or authority. The pleading alleges a contract with appellant, and there is evidence tending to show that it was made in behalf of appellant, and within the actual or apparent authority of the agent.

[4] As to the claim that the plea of reconvention should have been stricken out, because the amount in controversy was not within the jurisdiction of the justice's court, we overrule this contention. The amount claimed by appellant was within the jurisdiction of the justice's court, as was also the amount claimed by appellee in his plea in reconvention. In substance, appellee pleaded a counterclaim, independently of appellant's demand, and the amount in controversy is determined by considering each claim separately, and not by adding the same together, as contended by appellant. Appellee asked for judgment only for the amount of his profits or counterclaim, in the sum of $175, which was within the jurisdiction of the justice's court. Crosby v. Crosby, 92 Tex. 441, 49 S. W. 359; Tucker v. Williams, 56 S. W. 585.

[5] We also hold that the court did not err in overruling the special exception to appellee's plea in reconvention, because it was sought to set up and recover on a claim for unliquidated damages against a claim for a liquidated amount. Our statute permits an unliquidated claim to be set up as a counter-

claim to a liquidated demand, where the amount pleaded in set-off is founded on a cause of action arising out of, incident to, or connected with the plaintiff's cause of action. We think the allegations and evidence adduced in support of the counterclaim show such a set-off.

We have not passed upon the question of the validity of the contract as affected by the anti-trust laws. The transactions in this case appear to be interstate in character, and would not seem to fall within the purview of or be controlled by the Texas statute. Albertype Co. v. Gust Feist Co., 102 Tex. 219, 114 S. W. 791. The effect of the federal anti-trust law, or the principles of the common law, upon this contract, have not been determined by us, as the questions have not been raised in the brief, and because of the meager pleadings in the trial courts.

We believe we have sufficiently indicated our views of the law upon the probable issues in another trial, and for the error indicated the judgment will be reversed, and the cause remanded.

Reversed and remanded.