## SHEAR CO. v. HARRINGTON. (No. 79.)

(Court of Civil Appeals of Texas. Waco. Oct. 30, 1924. Rehearing Denied Dec. 11, 1924.)

1. **Contracts ⬅245(1) — Rule stated as to when written contract taken as expressing final views of parties.**

A written contract importing on its face a complete expression of the whole agreement without any ambiguity as to object and extent of engagement must be taken as expressing final views of parties, as well as full consummation of their undertaking.

2. **Contracts ⬅16—Every agreement springs from offer and acceptance thereof.**

Every agreement, whether written or oral, springs from an offer and an acceptance thereof.

3. **Contracts ⬅16—Offer and acceptance must possess characteristics of bargain and be conventional counterparts.**

An offer and acceptance must have the characteristics of a bargain and be conventional counterparts.

4. **Contracts ⬅47—Offer to do something in future for benefit of another, if latter will accept, and acceptance not binding contract for want of consideration.**

Neither offer of person to do something in future for benefit of another person, if latter will assent to or accept such benefit, nor acceptance thereof, constitutes a binding contract because consideration is lacking.

5. **Contracts ⬅79—Past consideration which, when furnished, did not impose legal obligation, will not support subsequent promise to confer benefit.**

A past consideration which imposed no legal obligation at the time it was furnished, will not support a subsequent promise to confer benefit.

6. **Contracts ⬅79—Offer to retire employee from active service on life salary, held not binding as not supported by consideration.**

Defendant's offer to retire plaintiff from active service as an employee and to pay him

---

a life salary, based on plaintiff's long and faithful service in defendant's employ, unsupported by any consideration other than plaintiff's mere assent to or acceptance of such offer, *held* not binding because defendant's payment to plaintiff for past services discharged all legal obligations. in absence of a claim past services were not fully paid for when rendered.

**7. Contracts ⬤⟿77—Offer to retire faithful employee with pay, based solely on kind motive, held not legally enforceable.**

Offer of employer to retire from actual service faithful employee, with pay for life, based solely on kind motive, *held* not legally enforceable.

**8. Contracts ⬤⟿81—Offer of employee, retired with pay, to render services to employer if occasion should arise, held not enforceable against employee because lacking mutuality.**

Where employer's offer to retire plaintiff employee from actual service with pay for life, in consideration of long and diligent services performed by plaintiff, was unconditionally accepted by plaintiff, latter's offer to render services to defendant should occasion arise to require them, *held* merely a supplemental and gratuitous offer lacking in mutuality and hence not enforceable against plaintiff.

**9. Contracts ⬤⟿81—Temporary acceptance of offer lacking in mutuality held not to make offer binding.**

Where offer of employee retired from active service with pay, to render services to employer should occasion require them, was unenforceable because lacking in mutuality, employer's acceptance of such offer by calling upon plaintiff on one occasion to render four days' service, *held* not to relieve offer of lack of mutuality nor render same thereafter binding on either party.

**10. Contracts ⬤⟿176(1)—Submission to jury of construction of unambiguous written contract held error as being question of law for court.**

Submission to jury of construction of unambiguous written contract *held* error, as being question of law for court.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Suit by H. P. Harrington against the Shear Company Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Allan V. McDonnell, of Waco, for appellant.

Collins, Dupree & Crenshaw, of Hillsboro, for appellee.

GALLAGHER, C. J. H. P. Harrington, appellee herein, brought this suit in the district court to recover from the Shear Company, appellant herein, the sum of $1,140, claimed to be due on contract alleged to exist between him and said company The parties will be designated as in the trial court.

Plaintiff, at the time the contract sued on was entered into, was a man about 76 years of age. About 2 years before he had had one of his legs amputated. He had been at the time in the employ of defendant more than 20 years. He was then serving as shipping clerk at defendant's branch house at Hillsboro. Some time in February, 1921, defendant's vice president, Mr. Harold Shear, approached defendant on the subject of retiring him on a salary. Plaintiff's testimony concerning this conversation was as follows:

"I had a conversation with Harold Shear at that time. He came back to my office in the rear of the building and told me that they were going to retire me on a salary, but didn't state the salary, and that I was to come and go just like I felt like it, and at any time I could—they wanted me to give them any assistance, why, that I would render it to them, help out any way in a rush or anything. I told him that I didn't want to be retired; that I was perfectly able to do my work and that I didn't want to be retired. I don't think he made any answer to that. That was about the sum and substance of the conversation."

On cross-examination plaintiff testified concerning the same conversation as follows:

"It was in that conversation that I told him that I would be glad to do any work for them in the future. It was after he said he would retire me on a salary I guess. I said, 'I will be glad to do any work for you in the future that you may call on me to do;' and 'I think he thanked me for that offer. Then the next thing was the letter. Then I replied to that."

The letter referred to in the above testimony was addressed to plaintiff. It was dated February 5, 1921, and was as follows:

"Dear Mr. Harrington: You will remember that. some time ago the writer took up with you the matter of finally retiring you with salary. We now think that this is the logical time to make whatever change will be necessary there, and we think that in 30 days, or whenever we can secure a man in whom we have confidence, we would be willing to retire you with salary of $75 per month the rest of your life. We have a man in mind, and you may expect to hear from us very soon as to the exact time we will need you there. We want you to feel that we look on you as a faithful servant, who has through a long period of years given us good service. We do not offer you this salary as charity. We believe that you are fully entitled to it on account of long and diligent service in our employ. We want you to feel free to come and go as you like at the Hillsboro house, and, any time you can come to Waco, we will be glad to see you. With kindest personal regards, very truly yours, Harold Shear, Vice President."

Plaintiff's reply thereto was addressed to Mr. Shear, was dated February 7, 1921, and was as follows:

"Dear Mr. Shear: This will acknowledge receipt of your letter of the fifth concerning my

final retirement from active service as shipping clerk of the Hillsboro house with a salary of $75 per month for the rest of my life. I have realized for some time past that it was only a question of time until I would have to submit to the inevitable, and as much as I regret to have to retire from active service, I will do so at your request and as your wish, believing that it is for the best interest of the Shear Company who I have always endeavored to serve to the best of my ability. I accept your most generous offer and heartily thank you for same, and assure you that after leaving the active service of the company that if occasion where I can be of any service in the future I am at your command. I am ready to turn the position over to my successor on receipt of your instructions to do so. With kindest personal regards for both yourself and the Shear Company, I am very truly yours, H. P. Harrington."

Plaintiff was relieved from service on March 1, 1921. Defendant paid plaintiff the sum of $75 per month from the date of his retirement to and including the month of August, 1921. On August 26, 1921, defendant's president, Mrs. Shear, wrote plaintiff the following letter:

"My Dear Mr. Harrington: In view of the continued depression in business and the probability of another year with little or no profit to the business, it has become necessary to go very thoroughly into the matter of lowering the expense of doing business. You have served the company long and faithfully and we desire to follow Mr. Shear's policy of giving recognition of this after the years of usefulness are past, especially when a man is dependent upon his monthly wage. This we know is not the case with you, but in our 'fat' years we were willing to ignore this fact and allow your salary to continue. In an intensive effort to bring down our expense account, made very heavy by a large decrease in the volume of business, we find it necessary to gauge our generosity upon the basis of positive needs, to make a reduction of your salary from eighty-one ($81.00) to sixty ($60.00) dollars. Hoping this will be no hardship to you, and with kindest greetings from the company to an old and highly respected employee, I remain, very sincerely, Mary T. Shear, President."

Defendant continued making payments to plaintiff at the rate of $60 a month from September, 1921, to and including March, 1922, when such payments ceased. On March 18, 1922, defendant's president, Mrs. Shear, wrote the following letter to plaintiff:

"Dear Sir: I regret to inform you that owing to the general business depression which is reflected in the Shear Company as in all mercantile business, we do not feel justified in continuing the allowance to you of $60 per month. The April check will be forwarded as usual. Hoping this will be no serious inconvenience to you, and with kind personal regards and good wishes, sincerely, Mary T. Shear, President."

No further payments were made. About one year after plaintiff was so retired, but before the receipt of the above letter, the shipping clerk of defendant's branch house at Hillsboro was taken sick, and its manager at that place sent his car for plaintiff and requested him to serve as shipping clerk, and he did so for four days. Nothing was said about paying him for such services and he did not say anything about being paid therefor. Except on that occasion, plaintiff has never been called on to render any service for defendant and has rendered no such service. He testified that he considered himself bound to hold himself in readiness to render services at any time, and that he did do so, and that for that reason he had not attempted to secure other employment. He further testified that, if he had desired to secure other employment, he could have done so at a remuneration in excess of $60 per month. The sum sued for is claimed as the aggregate of said monthly payments of $60 per month for 19 consecutive months, beginning with April, 1922.

The case was tried before a jury and submitted on special issues. The jury found in response to such issues, in substance, that plaintiff and defendant contracted and agreed that plaintiff would be retired from active service at a salary of $75 per month for the rest of his life, in consideration of plaintiff's agreement that he would hold himself in readiness at all times to perform service for the defendant whenever called upon; that plaintiff afterwards acquiesced in the reduction of said sum to $60 per month; that plaintiff thereafter at defendant's request performed services for it of the value of $4 per day, and that the defendant never paid or offered to pay plaintiff for such services.

The court rendered judgment on such verdict in favor of the plaintiff against the defendant for the sum of $1,140, from which judgment this appeal is prosecuted.

The propositions hereinafter discussed are properly raised by the record in this case. Plaintiff declared on a verbal contract with defendant that defendant should pay him $75 per month for the remainder of his life, in consideration of past services and the right to call on him for further services in the future at any time it might desire. We do not think the testimony sustains such pleading. In the conversation upon which such claim is based it appears that the amount of the monthly payment was never mentioned. Neither is it affirmatively shown that plaintiff accepted the supposed offer to retire him on a salary. He testified that he told Mr. Shear he could work as well as he ever did, and did not want to be retired, and that Mr. Shear made no answer to such protest on his part, and that that was the sum and substance of such conversation. It is true he testified on cross-examination that in that conversation he told Mr. Shear he would be glad to do any work for them in

the future that they called upon him to do, but the connection in which such offer was made is not shown, and it appears from his testimony that Mr. Shear merely thanked him for such offer. The whole conversation seems to have been merely a tentative discussion of the proposition of retirement.

We must therefore recur to the letters which passed between the parties to ascertain the contract finally agreed upon by them. Defendant's proposition is clearly stated. It promised to retire the plaintiff on a salary of $75 per month for the remainder of his life. Nothing was exacted of him. Any purpose to bestow charity was expressly disclaimed, and the reason for making the offer was declared to be a belief that plaintiff was entitled thereto on account of long and diligent service in its employ. A courteous invitation to come and go at the Hillsboro house at his pleasure was extended. Such letter imported on its face to be a complete expression of defendant's whole engagement, and its reason for tendering the benefit promised therein. There is no uncertainty or ambiguity in its terms. There is no intimation that, by the acceptance of such offer, plaintiff would become bound to hold himself continually in readiness to resume active duties at the pleasure of defendant, nor that he would by such acceptance become bound to serve defendant the remainder of his life, without restriction as to the character or extent of such service.

[1] We think the rule of construction announced in the case of Guarantee Life Ins. Co. v. Davidson (Tex. Com. App.) 234 S. W. 883, 884, is applicable in this case. We quote from the opinion in that case as follows:

"A contract which has been reduced to writing, and imports on its face a complete expression of the whole agreement, without any uncertainty or ambiguity as to the object and extent of the engagement, must be taken as expressing the final views of the parties, as well as the full consummation of their undertaking. Milliken v. Callahan Co., 69 Tex. 205, 6 S. W. 681. In the absence of fraud, accident, or mistake, parol evidence is inadmissible to vary, alter, or add to the terms of a written contract, clear in its terms, unless upon its face it in some manner rebuts the presumption that it is complete. This rule forbids the adding by parol where the writing is silent, as well as to vary where it speaks. Castro v. Illies, 13 Tex. 229; G., C. & S. F. Ry. Co. v. Jones, 82 Tex. 156, 17 S. W. 534; Sanborn v. Murphy, 86 Tex. 437, 25 S. W. 610."

The proposition so made in said letter was accepted by plaintiff in express and unconditional terms. It is true he says, "if occasion when I can be of any service in the future I am at your command," but there is nothing in his said letter indicating that such indefinite tender of services was anything more than a courteous acknowledgment of obligation incurred by him in accepting what he termed defendant's "most generous offer."

[2-4] Every agreement, whether written or oral, springs from an offer and an acceptance thereof. The offer and acceptance must have the characteristics of a bargain and must be conventional counterparts. One person may offer to do something in the future for the benefit of another person, if such other person will assent to or accept such benefit, but such offer and an acceptance thereof does not constitute a binding contract because the element of consideration necessary to support such a contract is lacking. 13 C. J. p. 266.

[5-7] It therefore appears that the defendant's offer to retire plaintiff from active service and pay him such salary for life, to be binding and enforceable, must have been supported by some consideration other than his mere assent to or acceptance of such offer. The great weight of authority is that a past consideration, which imposed no legal obligation at the time it was furnished, will not support a subsequent promise to confer a benefit. The defendant in said letters stated that the plaintiff was entitled to be retired from active service on a salary for life, on account of long and diligent service in its employ. There is no contention that such service was not fully paid for at the time it was rendered. All legal obligation was discharged by such payment. If defendant, in making the offer in question, was actuated merely by kindly feeling and generous impulse toward the plaintiff, growing out of the recognition of such long and faithful service, such offer was based on motive and not on consideration, and cannot be enforced in court. 13 C. J. pp. 359, 360, 321 and 325; Morris v. Norton, 75 F. 912, 926, 21 C. C. A. 553; Parsons v. Teller, 188 N. Y. 318, 80 N. E. 930.

[8, 9] We have already referred to the fact that plaintiff's acceptance of defendant's offer was unconditional, and in no way dependent on any agreement on the part of defendant to command his services if, in the future, occasion where he could be of service to it should arise. Plaintiff's said offer was merely a supplemental and gratuitous one and was lacking in mutuality, and therefore not binding upon nor enforceable against him. Oil & Pipe Line Co. v. Teel, 95 Tex. 586, 68 S. W. 979; Houston & Texas Central Ry. Co. v. Mitchell, 38 Tex. 85; Tyler Ice Co. v. Coupland et al., 44 Tex. Civ. App. 383, 99 S. W. 133, 134; American Cotton Oil Co. v. Kirk, 68 F. 791, 793, 15 C. C. A. 540; Mutual Film Corp. v. Morris & Daniel (Tex. Civ. App.) 184 S. W. 1060, and authorities there cited. Acceptance of such offer by calling upon plaintiff on one occasion to render four days' service did not relieve such offer of such a lack of mutuality, nor render the same thereafter binding on either party. Cold Blast Transp. Co. v. Kansas City

Bolt & Nut Co., 114 F. 77, 81, 52 C. C. A. 25, 57 L. R. A. 696.

If we should hold that such offer of service was engrafted on the agreement affected by such exchange of letters between the parties, and on such account became binding on plaintiff and enforceable against him and constituted consideration for such agreement, it does not necessarily follow that he could recover in this case. There was no limitation with reference to the kind or extent of services contained in such offer. These matters were left entirely to defendant. It might, within the terms of such offer, have required continuous service of plaintiff in any capacity to which he was adapted. So construed, it seems such contract would have been one of employment, and that a refusal to perform such service would have constituted a breach thereof, entitling defendant to refuse to pay the stipulated salary and to declare such contract at an end. 18 R. C. L. p. 490, § 1, and p. 516, § 26. Plaintiff concedes that in the event the contract sued on was one of·employment, he is not entitled to recover herein, because in such event it would have been his duty to mitigate his damages by attempting to secure other employment, and he pleaded and testified that if he had tried to do so he could have secured suitable employment at a higher rate of compensation than $60 a month, the amount sued for.

[10] The case seems to have been fully developed below. It turns on the proper construction of a contract in writing. Such construction was a matter of law for the court. The trial court erred in submitting the case to the jury. Its judgment is here reversed, and judgment is here rendered for defendant.