KEEN & WOOLF OIL CO. v. FULENWIDER. (No. 7534.)

(Court of Civil Appeals of Texas. San Antonio. April 17, 1926. Rehearing Denied May 26, 1926.)

1. Specific performance ⚬⟹28(1), 32(3)—Buyer's contract to purchase all oil he needed for year from oil company, which agreed to furnish it, held so lacking in mutuality and certainty as not to support action for specific performance.

Buyer's contract to purchase all the oil he needed for one year from certain oil company, which agreed to furnish it at wholesale price in effect at date of order, held so lacking in mutuality and certainty that it will not support action for specific performance, in absence of additional consideration, since buyer was not bound under it to buy any oil.

2. Sales ⚬⟹22(2)—Though oil company could terminate contract to furnish all oil buyer needed for year, latter held entitled to damages for its failure to fill order before notice to terminate such contract.

Though oil company could at any time and without cause terminate its contract with buyer to furnish all oil he needed for year at current

prices, latter *held* entitled to damages for company's failure to fill order before it gave notice of its purpose to terminate such contract.

**3. Sales ⟐⟐348(1)—Buyer under contract to buy all oil he needed from certain company can properly plead as counterclaim, in action for purchase price of certain order, damages resulting from company's failure to fill another order (R. S. 1925, art. 2017).**

Buyer under contract to buy all oil he needed from certain company, which agreed to furnish it, can properly plead as counterclaim damages resulting from company's failure to full order, in action against him on trade acceptance covering price of another order which was shipped, notwithstanding one was liquidated and the other unliquidated claim, in view of Rev. St. 1925, art. 2017.

**4. Evidence ⟐⟐471(31)—Exclusion of testimony that traveling salesman had no authority to make contract, and that plaintiff did not know of, or make, contract, on ground that it was a conclusion held error.**

Where counterclaim was based on agreement for sale of oil between defendant and plaintiff's traveling salesman, exclusion of testimony by plaintiff's officer that salesman lacked authority to make such contract, and that plaintiff did not know of contract, or agree to sell oil to defendant, on ground that it consisted of conclusions, *held* error.

**5. Principal and agent ⟐⟐124(3), 174—Question of seller's salesman's authority to make contract with oil buyer and ratification of such contract held for jury.**

Where counterclaim was based on agreement for sale of oil between buyer and seller's traveling salesman, question of salesman's authority to make such contract, and whether it was ratified, *held* for jury.

**6. Principal and agent ⟐⟐122(1)—Evidence of seller's salesman's acts bearing on authority to make contract held properly admitted, notwithstanding seller had verified allegations that he lacked such authority.**

Where counterclaim was based on agreement for sale of oil between buyer and seller's traveling salesman, evidence of such salesman's acts and statements bearing on his authority to make contract *held* properly admitted notwithstanding seller had verified allegation that he lacked such authority.

**7. Evidence ⟐⟐185(1)—Before offering secondary evidence of letter, defendant held required to give notice of such intention to plaintiff and call on him to produce original.**

Before offering secondary evidence of letter, defendant *held* required to give notice of such intention to plaintiff, and call on him to produce original.

**8. Principal and agent ⟐⟐103(11)—Ordinarily, traveling salesman has no authority to accept order for goods on other than cash terms or to extend credit to customers.**

Ordinarily, traveling salesman has no authority to accept order for goods on other than cash terms or to extend credit to customers.

**9. Principal and agent.⟐⟐147(2).**

Persons dealing with agent are bound to ascertain, not only fact of agency, but extent of authority.

**10. Principal and agent ⟐⟐170(2)—Seller who, with full knowledge of facts, recognizes contract made by agent and ships part of goods in pursuance thereof, ratifies contract.**

Seller who, with full knowledge of facts, recognizes contract made by agent and ships part of goods in pursuance thereof, ratifies contract and is bound by its terms, whether agent had authority to make it or not.

On Motion for Rehearing.

**11. Courts ⟐⟐169(5)—County court held to have jurisdiction of cross-action in which one-third interest in sum less than $1,000 was claimed.**

County court *held* to have jurisdiction of cross-action in which one-third interest in sum less than $1,000 was claimed, where there could be no recovery for more than amount alleged, in any event.

Appeal from Uvalde County Court; Green B. Fenley, Jr., Judge.

Action by Keen & Woolf Oil Company against Robert Fulenwider, in which defendant urged a cross-action. Defendant recovered on his cross-action, which was applied as set-off against plaintiff's recovery, and plaintiff appeals. Reversed and remanded.

Martin & Martin and Will Glover, all of Uvalde, for appellant.

Ditzler H. Jones, of Uvalde, for appellee.

SMITH, J. The Keen & Woolf Oil Company, appellant, brought this suit against Robert Fulenwider, appellee, to recover the sum of $849.79, with interest and protest fees; being the amount of Fulenwider's unpaid "trade acceptance" covering the purchase price of a carload of oils sold to him by the oil company. The validity or amount of this obligation was not questioned by appellee, and judgment thereon was rendered against him in appellant's favor. But appellee urged a cross-action against appellant for $773.68, or $337.64 in the alternative, as damages for breach of a contract alleged to have been made by the parties and breached by appellant, and appellee sought to set off appellant's claim with the amount. Appellee recovered in the sum of $348.75 upon his cross-action, which was applied as a set-off against the amount appellant recovered upon the trade acceptance. Only the cross-action is involved in this appeal.

The contract relied upon by appellee and established by the evidence was that appellant, through its traveling salesman, Houge, "agreed to sell to defendant all oils needed by him in his (defendant's) business, at prevailing current wholesale prices in effect at

date of each order made by defendant on 90-day trade acceptance, which agreement was communicated to and ratified and approved by plaintiff and was agreed to by this defendant, which agreement was to be in force and effect for a term of one year from about July 1, 1924, and this defendant agreed to so purchase all oils he needed from said plaintiff company for said term of time according to terms and conditions of said agreement."

[1] We have concluded, upon our own motion, that, primarily, the contract is so lacking in mutuality and certainty that it will not support an action for specific performance, in that it does not by its terms obligate appellant to sell, or appellee to buy, a specific amount of oils. Under the provision that appellee should purchase from appellant "all the oils he needed" during the year, the amount of such purchases was left wholly to the judgment, convenience, or caprice of appellee. He was not bound by the agreement to purchase any of the product from appellant. If he chose to exercise the option at all, he was at liberty to increase or diminish, or even discontinue, his orders therefor, at his will or convenience; and in any event, appellant would have been without a remedy. If at the end of the year appellee had failed to make any purchase from appellant, the latter could not have complained, would have had no cause of action; for, in case appellant had brought suit, it could not have established an appropriate measure of damages. It would not have been permitted to elect for appellee, or say at what dates during the year appellee had "needed" oils, or at what price in a fluctuating market appellee should or would have made his purchases.

Under the provision in question, appellee, from time to time, could have restricted his own sales, his "needs," even to the point of cessation, could have actually suspended business, until the wholesale market was at an abnormally low level, and then, under his own conception of his "needs," could have demanded the delivery of any quantity of the product contracted for. Or, if the wholesale market continued unsatisfactory to him, he could have deferred his order indefinitely, until the contract period expired. The uncertainty of the provision deprived the contract of any semblance of mutuality, and rendered it unenforceable by appellant, who could have terminated it at any time, and without cause. Ry. v. Mitchell, 38 Tex. 86; Ry. v. Scott, 72 Tex. 70, 10 S. W. 99, 13 Am. St. Rep. 758; Ice Co. v. Coupland, 44 Tex. Civ. App. 383, 99 S. W. 133; Gas, etc., Co. v. City of El Paso, 22 Tex. Civ. App. 309, 54 S. W. 798; Bradshaw v. Foundry Co. (Tex. Civ. App.) 104 S. W. 509.

If the contract had rested upon other or additional considerations, and not alone upon the mutual promises of the parties, the buyer, perhaps, would have thereby obtained the option to thereafter designate and require the delivery of a specific quantity of oils during the life of the agreement; but in the absence of such additional consideration, the buyer obtained no such option. Ry. v. Scott, 72 Tex. 70, 10 S. W. 99, 13 Am. St. Rep. 758.

[2] But the parties having in good faith entered into the agreement, appellee was entitled to notice from appellant of its purpose to terminate the contract; and if in the absence of such notice, and while still relying upon the agreement, appellee called upon appellant for delivery of the car of oils in controversy, and was induced by appellant's conduct to believe the order would be filled, and was injured by the refusal to deliver, then appellee was entitled to recover whatever damages proximately resulted from his injury. Ry. v. Mitchell, supra; Bradshaw v. Foundry Co., supra.

In pursuance of the alleged contract, appellee ordered a car of oil from appellant, who shipped it and accepted appellee's 90-day acceptance therefor. It was to enforce payment of this acceptance that appellant brought this suit, and obtained judgment. In the meantime, however, and without notice from appellant of its intention to repudiate the contract made for it by Houge with appellee, the latter, at the instance or at least with the knowledge and active assistance of appellant's agent Houge, entered into a contract with one L. S. Whitehead, whereby the latter was to retail oil to be shipped by appellee to him at Ft. Stockton on consignment, the net profits of such retail sales to be divided one-third to appellee and two-thirds to Whitehead. Under this arrangement with Whitehead, appellee ordered through Houge, the salesman, a second car of oil from appellant, upon the same terms as the first order, with directions to consign the shipment to appellee at Ft. Stockton. Appellant, through its Texas general sales office at Houston, acknowledged receipt of the order, advising that the acceptance had been placed in bank for collection at maturity, and other communications followed which warranted appellee in assuming that the order had been accepted by appellant and that the shipment had been made, or was being made. It was never made, however, and appellee claims in his cross-action that he was damaged in the sum of his proportion of the net profits he would have derived from the sale of the oil at Ft. Stockton had appellant complied with its agreement to ship the oils directed. On the other hand, appellant denies the making of the alleged contract with appellee, and asserts that its salesman, Houge, had no authority to make such contract in its behalf. These contentions form the controlling issues of the case.

[3] It is contended by appellant that appellee's cross-action should have been abated because "plaintiff's cause of action was for a

fixed and liquidated amount, and that defendant's cross-action was for an unfixed and unliquidated amount, and did not arise out of, was not incident to, or connected with plaintiff's cause of action." This contention is embraced in appellant's propositions 7, 8, 9, 10, and 11, which are overruled. It was alleged by appellee, and the jury found, that under the contract entered into by the parties appellant obligated itself to supply appellee with such oil as he needed in his business. Appellee ordered two cars of oil under this contract before appellant gave notice of its repudiation. The first car was supplied, but the second was not. Appellant sued for the price of the first, and appellee sued for damages due to the failure of appellant to supply the second. Both transactions arose out of the one contract, and both are so closely related that a cause of action arising out of the second was properly interposed as a counterclaim to the first, notwithstanding one was a liquidated and the other an unliquidated demand. Article 2017, R. S. 1925; Ft. Smith Co. v. George (Tex. Civ. App.) 222 S. W. 335. For like reasons we overrule appellant's propositions 26, 27, and 28.

[4] Upon appellee's objections, the trial court excluded testimony contained in the deposition of C. D. Keen, appellant's "vice president, treasurer and general administrative manager," that Houge had no authority to make the contract sued on, that Houge had no authority to extend credit to appellee, that appellant at no time knew anything of the contract sued on, and that appellant at no time agreed to sell appellee any of its products to be shipped to Ft. Stockton. Appellee objected to this testimony upon the grounds that the questions eliciting it were leading, that they called for conclusions of the witness, and not for facts. The court erred in sustaining these objections to this testimony. The testimony was pertinent to the most vital issues in the case. The questions propounded to the witness were not leading, and the answers were not merely conclusions, but were statements of facts which, if true, would defeat appellee's right to recover. If the questions did not call for and the answers did not state the detailed facts upon which the somewhat general answers were based, the objections would go to the weight of the testimony rather than its admissibility. If the questions called for generalization, it was the privilege of appellee to elicit details by cross-examination. These matters are presented in appellant's propositions 18, 19, 20, and 21, which must be sustained.

[5-7] The questions of the authority of the traveling salesman, Houge, to bind appellant, the extent of his authority, the apparent scope of his authority, and whether or not he was acting within that scope, and the question of ratification of his acts, were for the jury. The court therefore properly admitted

evidence of his acts and statements, of which objections are made in appellant's propositions 23, 24, 25, and 29, which are overruled. The fact that appellant verified its allegation that Houge had no authority to bind it does not affect the questions presented in these propositions. In this connection it is proper to state that before offering secondary evidence of the letter complained of in appellant's proposition 30, appellee should have given notice to appellant of its intention to offer the evidence, and should have called upon appellant to produce the original. The evidence was vital as affecting the issue of ratification.

[8-10] The controlling issues in the case were those of the authority of Houge to bind appellant, and of appellant's ratification of that contract. Ordinarily a traveling salesman has no authority to accept an order for goods upon other than cash terms, or to extend credit to customers. Mechem, Agcy. §§ 861, 893; Brennan v. Dansby, 43 Tex. Civ. App. 7, 95 S. W. 700. And persons dealing with an agent are bound to ascertain not only the fact of his agency, but of the extent of his authority as such. Kelly v. Pelt (Tex. Civ. App.) 220 S. W. 199. But where the seller, with full knowledge of the facts, recognizes a contract made by its agent for the sale of goods, and ships part of the goods in pursuance thereof, it will be held to have ratified the contract and will be bound by its terms, whether the agent had authority to make the contract or not. Tex. Co. v. Alamo Co. (Tex. Civ. App.) 168 S. W. 62. These questions are to be determined by the jury, and the trial court erred in refusing to submit those issues upon proper request therefor by appellant.

Appellant submits many other propositions of law, and we have considered them, but overrule them. It is not deemed necessary to discuss them, in view of reversal upon the grounds we have stated.

The judgment is reversed, and the cause remanded.

### Motion for Rehearing.

We were in error in stating in the original opinion that "appellant, through its Texas general sales office at Houston, acknowledged receipt" of the order for the second car of oil, "advising that the acceptance had been placed in the bank for collection at maturity." This communication, although referring to to the "last car of oil shipped," seems to have had reference in fact to the first and only car of oil shipped to appellee. In all other respects the statement of the case was correctly made in the original opinion, and the error pointed out does not affect the conclusions reached.

[11] Appellant earnestly urges its contention that the amount in controversy set up in the appellee's cross-action was beyond the jurisdiction of the county court. We did not discuss this contention in the original opin-

ion, deeming it without sufficient merit to justify specific discussion. We will dispose of it now by saying, simply, that the amount sought to be recovered by appellee in his cross-action was less than $1,000. The actual damages alleged to have been sustained by him was less than that amount, and under the facts alleged he could have recovered no more than the amount alleged, in any event.

His cause of action was for one-third of the net retail value of the car of oil at Ft. Stockton, which was less than $1,000 in all events. There was no splitting of causes of action. There was only one cause of action alleged or disclosed in the pleadings and evidence. That cause of action was asserted in full by appellee, and the amount shown to be in controversy was within the jurisdiction of the county court.

Appellant's motion for rehearing is overruled. Appellee has filed no motion for rehearing.