HOOVEN RADIATOR CO. v. LITTLE MOTOR KAR CO. et al. (No. 9857.)*

(Court of Civil Appeals of Texas. Dallas. Dec. 18, 1926. Rehearing Denied Jan. 29, 1927.)

1. **Appeal and error ⬅901—Judgment in court case being presumed valid, party assailing it must prove from record that no theory supports it.**

Every presumption is indulged in favor of validity of judgment rendered in nonjury case, which, although accompanied by statement of facts, is not accompanied by court's findings of fact in conclusions of law; party assailing such judgment being required to show from record as presented that under no theory was court authorized to render judgment.

2. **Appeal and error ⬅854(6)—Appellant from order for new trial must show that none of appellee's grounds for new trial authorized court to set aside verdict (Rev. St. 1925, art. 2249).**

In appeal from order granting new trial under Rev. St. 1925, art. 2249, appellant must show that on no one of grounds alleged by appellee as reason why new trial should be granted was court authorized to set aside verdict in judgment rendered thereon in favor of appellant; such appeal being considered in effect as if from judgment rendered on nonjury trial.

3. **New trial ⬅6—Grant of new trial held not abuse of discretion.**

Granting of new trial in action on contract for purchase of radiators *held* not abuse of discretion, recovery having been permitted under contract void in part for want of mutuality, time for shipment of major portion of radiators being left to discretion of purchaser.

4. **Contracts ⬅10(4)—Contract for 5,000 radiators, one carload to be shipped soon as possible, delivery of balance to be as specified by buyer, held void for want of mutuality except as to first carload.**

Contract for 5,000 radiators, specifying that one carload was to be shipped soon as possible and that delivery of balance was to be as specified by the buyer, *held* void for want of mutuality, except as to first carload.

5. **Courts ⬅104—In sustaining new trial granted for law errors, reviewing court must declare law applicable.**

In sustaining motion for new trial, granted on ground that trial court erred in law, reviewing court must lay down proper law applicable.

Appeal from District Court, Dallas County; E. E. Hurt, Special Judge.

Proceedings by A. R. Blankenship against the Little Motor Kar Company and others

for the appointment of a receiver. Receiver appointed, and the Hooven Radiator Company filed a plea of intervention. After judgment for intervener, defendants' motion for new trial was granted, and the intervener appeals. Affirmed.

Locke & Locke, of Dallas, for appellant. J. Lee Sumwalt, of Dallas, for appellees.

VAUGHAN, J. On the 8th day of April, 1920, an order was entered by the court below in cause No. 34308-C, A. R. Blankenship et al. v. Little Motor Kar Co. et al., appointing one Everett S. Owens receiver of the Little Motor Kar Company, with authority to appoint an auditor to audit all books and records of the Little Motor Kar Company, to operate, manage, and maintain the properties of said company, and to manage and conduct its business in such manner as in "his judgment will produce the best results for said company and its stockholders and to preserve said properties in proper condition and repair according to the requirements of the laws of the United States and the state of Texas, and such further orders as this court may make herein from time to time."

On the 19th day of July, 1920, the Hooven Radiator Company, a private corporation existing under the laws of South Dakota, appellant herein, filed its plea of intervention in said cause No. 34308-C, in which it complained of appellee, the Little Motor Kar Company, William S. Livezey, George W. Stricker, and R. L. McCoy, as trustees thereof, and of their successors as trustees who may be made parties to said suit, and of E. S. Owens as receiver of said Kar Company. By its said petition, appellant sought to establish and recover judgment in the sum of $18,329.66 as damages alleged to have been sustained by appellant on account of the breach of said Kar Company of a contract made and entered into by said appellant and appellee Kar Company, under the terms of which said appellee contracted to purchase of appellant 5,000 radiators to be used by said appellee in the production of automobiles manufactured by it, which, with accrued interest sued for, aggregated the total sum of $25,000.

A trial was had on said plea of intervention November 25, 1925, which resulted in a verdict and judgment of $23,805.87, with interest thereon from that date at the rate of 6 per cent. per annum, against appellee Little Motor Kar Company, and established a lien on all of the properties owned by said appellee for the full amount of said judgment and provided that the then trustees of appellee Kar Company should, within 30 days from the date of said judgment, pay or cause to be paid to appellant the full amount of $23,805.87, with interest thereon at the rate

———

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction March 23, 1927.

of 6 per cent. per annum from the date of said judgment, and that if such payment should not be so made, appellant may apply to the trial court for such relief and process as may be appropriate to enforce the payment of said sum with a foreclosure of the lien on the property established by said decree.

On the 6th day of February, 1926, appellee's motion for a new trial was duly heard and judgment on that day entered setting aside said verdict and judgment rendered thereon, from which order appellant duly prosecuted this appeal, under the following provision of article 2249, R. C. S. 1925:

"An appeal may be taken to the Court of Civil Appeals from every order of any district or county court in civil cases granting motions for new trials in any of the above mentioned cases and such appeal shall be taken within the same time and in the same manner as if the judgment was final."

It will be noted that this amendment of article 2078, R. C. S. 1911, makes no provision, within its own terms or by reference to other existing judicial procedure, to be followed in perfecting an appeal under said amendment. We therefore feel called upon to observe the law authorizing judges of courts to point out what appear to them to be omissions or defects in existing laws and to suggest what, in their judgment, would be a proper remedy. We believe that said article 2249 should be so amended as to require trial judges, in granting a motion for a new trial in cases appealable under said article 2249, to state in the judgment entered on said motion the ground or grounds thereof upon which the order is based, and that a party prosecuting an appeal therefrom should be required to file with the clerk of the trial court, before applying for and to be included in the transcript, assignments of error based upon and germane to one or more of the grounds upon which the motion for new trial was granted, and that the consideration of the case on appeal should be confined to such assignments or propositions based thereon, properly presented.

[1, 2] Upon what grounds the trial court granted the new trial we are not advised. Therefore the effect of the appeal is the same as if it were from a judgment rendered on a nonjury trial, which, although accompanied by a statement of facts, is not accompanied by the court's findings of fact and conclusions of law, under which conditions every presumption is indulged in favor of the validity of the judgment; it being necessary for a party assailing such judgment to show from the record as presented that under no theory to be gathered therefrom was the court authorized to render the judgment. Hence, in order for appellant to successfully prosecute this appeal, it must show that on no one of the grounds alleged by appellee as a reason why a new trial should be granted was the court authorized to set aside the verdict and judgment rendered thereon in favor of appellant. Tarbutton v. Ambriz (Tex. Civ. App.) 282 S. W. 891.

In reference to those matters presented by the motion not involving a question of law, namely, that the court erred in submitting certain issues for want of sufficient evidence to justify the submission of same and that the findings of the jury in response to certain special issues submitted were contrary to or without any evidence in the record to support same, the action of the court thereon involved judicial discretion, which will preclude a contrary holding to that of the trial court, unless it shall be shown affirmatively that in granting such motion the court abused its discretion.

[3] What of the well-recognized judicial discretion exercised by trial judges? Since the establishment of courts at common law, trial judges have been clothed with a certain freedom of thought and action commonly referred to as judicial discretion—a right or characteristic inherent from the very nature of things—and which cannot be dispensed with without destroying a fundamental usefulness of a judicial officer. This discretion we are loathe to believe it was the purpose of the Legislature in conferring the right of appeal from an order granting a new trial to materially invade, and certainly not to destroy. Did the court abuse this discretion? Among other grounds, the motion contained the following that did not present purely questions of law: That the answers of the jury to special issues Nos. 1, 3, 10, and 11 are not supported by the evidence, but are contrary thereto, No. 1 being:

"Did the Hooven Radiator Company at any time before the appointment of a receiver for Little Motor Kar Company fail and refuse to continue the manufacture and shipment of radiators?" Answer: No."

No. 3: "Did the Hooven Radiator Company on receipt of the order dated November 25, 1919, have ready for shipment at the earliest possible moment a carload of radiators to supply the Little Motor Kar Company in accordance with the terms of said order? Answer: Yes."

No. 10: "If the receiver had not refused to accept shipments made by the Hooven Radiator Company and had been willing for them to make and ship radiators, now state if the Hooven Radiator Company could have made and shipped within a reasonable time the radiators specified in the order? Answer: Yes."

No. 11: "Did the Little Motor Kar Company waive shipment of the radiators by the Hooven Radiator Company in carload lots up to the time of the appointment of a receiver? Answer: Yes."

The material facts established by the evidence bearing upon the issues so submitted and objected to are as follows:

November 21, 1919, appellee Kar Company

placed its order with appellant for 5,000 radiators complete, shipment to be made in carload lots, delivery of radiators to be specified by appellee Kar Company. Said order contained the following provision: "It is understood that promptness of deliveries of materials as specified herein shall be the essence of this order." The price per radiator, as stated in this order, was $11.90 each f. o. b. Chicago, Ill. This order was not accepted by appellant on account of the price therein stated, and was supplemented November 25, 1919, the price per radiator being increased from $11.90 to $14, and the following provision in reference to partial shipment included therein: "The Hooven Radiator Company is also authorized to ship at their earliest possible moment one carload of these radiators complete." As supplemented, the original order was accepted by appellant November 25, 1919.

On and between the dates from February 24, 1920, to March 18, 1920, appellant and appellee Kar Company had telegraphic communication with each other in reference to the manufacture for and shipment to appellee Kar Company of radiators under the terms of said order. The communications so had were to the effect that appellee Kar Company was out of and much in need of radiators in the manufacture of automobiles produced by it, complained of the delay in making shipment of radiators, urging that shipment be made, as a failure to receive radiators was holding up production of automobiles manufactured by said appellee, that appellant was making shipments of small lots of radiators by freight, and that appellee Kar Company requested that small shipments be not made by freight but by express, and that appellee was encountering delay in receiving the small shipments so made.

By other testimony it was established: That appellant only shipped 60 radiators to appellee Kar Company, in different shipments, commencing on December 18, 1919, and ending on April 2, 1920. By the terms of the contract, appellee Kar Company was accorded 30 days in which to make payment for radiators shipped from date of delivery. That appellant failed to receive payment for the radiators shipped on March 16, 1920, and before the expiration of the 30 days in which said appellee was allowed to make payment appellant discontinued manufacture of radiators under said order.

On the 8th day of April, 1920, Everett Owens was appointed receiver in said cause No. 34308–C. Soon after his appointment, acting under the advice of his attorneys, said receiver addressed a letter (date of which is not disclosed by the record) to appellant, refusing to carry out the contract for the purchase of said radiators.

In reference to the effect of the appointment of the receiver and the failure to pay for 17 radiators shipped on the manufacture of radiators under the order in question, Mr. R. H. Townsend, appellant's general manager, testified:

"When we were unable to obtain payment for the 17 radiators that had been shipped and not paid for, we temporarily suspended the manufacture of further radiators on this order. Except for this, and the appointment of the receiver, our company would have continued to manufacture and supply radiators in pursuance of said order of the Little Motor Kar Company. * * * We suspended operations on this order after learning of the appointment of a receiver for the Little Motor Kar Company, which information came to us on or about April 8, 1920. After this date no more parts were manufactured on this order."

We are of the opinion that the trial judge was within the proper exercise of his judicial discretion in granting the new trial on either one or all of the above discussed grounds of the motion. It should be borne in mind that the only limitation placed by the law upon a trial judge exercising his discretion in the granting of a motion for new trial is that contained in article 2233, Revised Civil Statutes 1925, which has been the law of this state since 1846. See Acts 1846, p. 392 (Gammel's Laws, vol. 2, p. 1698):

"Not more than two new trials shall be granted either party in the same cause, except when the jury have erred in matter of law or been guilty of some misconduct." Article 2233.

In view of the fact that this case remains to be retried in the court below, we refrain from a discussion of the effect that should be accorded the material facts testified to in reaching a conclusion determinative of the rights of the parties, as sustaining the judgment granting the new trial leaves all issues of fact undetermined in the lower court. Therefore no action thereon in that court is before this court for review, and any statement made as to the effect that should be accorded the evidence would be but a perfunctory service—mere dictum.

However, a more serious phase of the case is presented by this appeal which cannot be waived aside—namely, the grounds of the motion that challenge the legal effect given by the trial court to the terms of the contract involved, namely, that the court erred in holding that the contract was not void for the want of mutuality, in this, that it did not bind appellant to at any definite time manufacture and deliver, or appellee Kar Company to designate date that delivery should be made, or any definite date when appellee Kar Company would receive and pay for the radiators.

The provisions of the order as accepted November 25, 1919, material to the disposition of this question, are as follows: (a) "Delivery to be specified." (b) "The Hooven

Radiator Company is also authorized to ship at their earliest possible moment, one carload of these radiators complete." Was this contract wanting in mutuality?

Appellee Kar Company placed its order with appellant for 5,000 radiators, at a price of $14 each, without any date being fixed for delivery to be made except as to one carload thereof, which, according to the terms of the contract, should be made by appellant at their earliest possible moment. This we think sufficiently definite to render the contract valid to the extent of the number of radiators ordered that it would take to constitute a carload. The provision for the shipment of a carload at appellant's earliest possible moment, however, left the remainder of the order as to time when shipment should be made not only absolutely indefinite, but resting entirely within the exercise of the discretion or desire of appellee Kar Company, as the contract in no respect obligated said appellee to select any date within any given time in which shipment should be made of the remainder of the radiators. That this right rested with said appellee to designate the date on which the future deliveries should be made and was to be exercised only by appellee sufficiently appears from the language of the order; but if its language left in doubt who was to exercise this right, the testimony of appellant's witnesses to the effect that the delivery dates were to be specified later by the Little Motor Kar Company removed same. This right having been reserved to appellee Kar Company indefinitely, it could not be compelled to order shipments made at any particular time. The fact that said appellee, without any limitation, reserved the right to later on specify dates when shipments should be made, rendered the contract indefinite and so lacking in mutuality that, for a breach thereof, no action for damages could be sustained by appellant.

Until the date of shipment had been specified by appellee Kar Company, appellant was powerless to deliver or to require appellee to receive a shipment of radiators. It is true, deliveries were to be made in carload lots, but when? As to this, the contract is silent. Delivery being left entirely to the discretion or pleasure of appellee Kar Company, in the exercise of this right it could have decided upon ordering a carload shipped out in ten years from date of order, another car ten years later on, and, if there should remain another carload necessary to fill the order, then such additional car, covering a period of 30 years; and this, too, without in any respect having breached the contract, there being no way, under the terms of the contract, whereby appellant could put said appellee in default for failure to specify earlier dates for shipment. Therefore it is apparent that the contract is void for want of mutuality as to the 5,000 radiators ordered except as to the number necessary to constitute one carload thereof, because the dates for deliveries of the radiators, except one carload, were left wholly to abide the discretion or desire of appellee Kar Company. Amer. Cotton Oil Co. v. Kirk et al. (C. C. A.) 68 F. 791; H. & T. C. Ry. Co. v. Mitchell, 38 Tex. 85; Gordon v. Emerson Shoe Co. (Tex. Civ. App.) 242 S. W. 791; Mutual Film Corp. v. Morris & Daniel (Tex. Civ. App.) 184 S. W. 1060; Ft. Smith Couch & Bedding Co. v. George (Tex. Civ. App.) 222 S. W. 335; Tyler Ice Co. v. Coupland & Norman, 44 Tex. Civ. App. 383, 99 S. W. 133.

Did appellant breach the enforceable part of the contract by its failure to deliver "at their earliest possible moment one carload of these radiators?" and, if so, was such breach waived by appellee receiving shipment of radiators in small quantities by express? were questions duly presented by the motion for rehearing.

It will be observed from the statement of the material facts proven bearing upon these issues that the minds of reasonable men could differ as to the effect to be given the testimony upon which the jury acted in determining these two issues in favor of appellant. We can say, with all propriety, that the evidence was not so cogent in support of the findings of the jury as to render the action of the court in granting the new trial on account of the insufficiency of the evidence to sustain same an abuse of judicial discretion.

[4, 5] No further comment will be made in reference to the evidence introduced upon these issues, as same are material questions yet to be determined in the court below. Under the law applicable to conditions in which this case comes before this court, we can only determine whether or not the court erred in granting the motion for a new trial. While this is true, the duty necessarily devolves upon this court, in reviewing the grounds incorporated in the motion for a new trial, to announce what should be the effect following any rule of law, where the question is one purely of law; that is, where it is alleged as one of the grounds of the motion that the trial court erred, as a matter of law, in sustaining that contention in support of the order granting a new trial, to declare the effect of the proper application of the law as bearing upon the rights of the litigants. This we have but followed in expressing our views as to the legal effect of the contract involved.

It being apparent from the record that the trial court did not err in granting the order appealed from, its judgment is affirmed.

Affirmed.