C. E. Corporan, Appellant, v. Rudolph H. Brunkhorst et al. Harris Trust and Savings Bank, Appellee.

Gen. No. 42,618.

Opinion filed May 29, 1944.

SHERMAN & LEWIS and ROBERT R. KAHN, all of Chicago, for appellant; IRVING S. ABRAMS, of Chicago, of counsel.

CHAPMAN & CUTLER, of Chicago, for appellee; DAYTON OGDEN, of Chicago, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal plaintiff, C. E. Corporan, seeks to reverse an order of the Circuit court of Cook county which dismissed his petition for a citation against the Harris Trust and Savings Bank to discover assets.

Plaintiff brought an action against Rudolph H. Brunkhorst, Harry H. Schoen and Hazen M. Pancost to recover on a written contract entered into between plaintiff and defendants for furnishing labor and material and for decorating certain premises situated at 7001 North Clark street, which were to be used by the Rogers Park State Bank which was then in process of being organized, but which organization was never

completed. Plaintiff's claim was for $1450 and $310 for extras, making a total of $1760. The work was completed but not paid for.

September 26, 1940, defendant Pancost was defaulted and judgment entered against him for $1760. January 5, 1942, the cause was dismissed as to Schoen and there was a trial before the court without a jury as to defendant Brunkhorst. The court found in favor of plaintiff and entered judgment for $1760. Afterward execution was issued, returned no property found, and no part satisfied. November 2, 1942, plaintiff filed his petition to discover assets and a citation was issued against defendant Brunkhorst and the Harris Trust and Savings Bank. The matter was heard and the petition dismissed.

The record discloses that defendant Brunkhorst had been an employee of the bank for many years, retired in 1937 or 1938, and after he had severed his connection with the bank "The Board of Directors and Executive Committee have seen fit to give him a certain sum of money" payable in monthly installments. The Board of Directors passed a resolution authorizing the payment of money in monthly installments. The minutes of the Executive Committee of the bank of September 27, 1938, recite that Brunkhorst had been with the bank since 1912 "and has made a very distinct contribution to our organization;" that he suffered a break in his health in 1937, as a result of which he has since been performing only nominal duties; that in consideration of his loyal and efficient services, "Mr. Fenton and the Managing Committee" agreed to continue his salary for another year but Mr. Brunkhorst had decided to retire and "Upon recommendation of the management, the Executive Committee approved that Mr. Brunkhorst be advised at this time that for the year 1939 he will be paid a monthly retirement allowance or pension at the rate of $6,000 per annum, which will give him an opportunity to develop some income from his insurance business" and that assuming that

the relations were thereafter satisfactory and dependent upon current conditions, an amount to be determined from time to time by the Executive Committee would be paid to him but not exceeding $5,000 per annum. After this resolution other resolutions were passed apparently every year and on December 9, 1941, the following resolution was approved by the Executive Committee of the bank: "Upon recommendation of Mr. F. R. Elliott the Executive Committee approved the payment of a $5,000 retirement allowance to Mr. Brunkhorst during the ensuing year in equal monthly instalments. The Secretary was directed to bring the subject up for reconsideration next December."

The evidence shows that after this resolution was approved, Brunkhorst was given $417 monthly for 10 months of the year. No money was given to him for the months of November or December because of the fact that the bank had been served with the citation. As we understand it, this resolution is the basis for plaintiff's contention that the court erred in dismissing the petition, and that plaintiff should have recovered the $417 withheld by the bank for the months of November and December.

Counsel for plaintiff's position is that Brunkhorst could have compelled the bank to pay him for the 2 months and from this it follows that plaintiff occupies a similar position in the proceedings at bar. We are unable to agree that defendant Brunkhorst could have maintained an action against the bank to recover the moneys which the bank agreed to give him for the months of November and December. We think the record discloses that what the bank gave Brunkhorst was a gratuity and could have been stopped by the bank at any time without liability. *Shear Co. v. Harrington* (Tex. Civ. App.), 266 S. W. 554.

The order of the Circuit court of Cook county is affirmed.

*Order affirmed.*

NIEMEYER and MATCHETT, JJ., concur.